## S. E. Sistrunk by D. W. Sistrunk *v.* H. E. Wilson, substituted trustee for M. L. Brinson.

[54 South. 89.]

Contract. *Fraudulent omission. Parol evidence.*

> The terms of a written contract may not be added to nor taken from by parol evidence, but such testimony is admissible to show that through fraud of the draftsman, the writing does not evidence the real contract.

Appeal from the circuit court of Lawrence county.

Hon. R. L. Bullard, Judge.

Suit in replevin by appellant, Sistrunk, against appellee, Brinson, for two mules. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jno. H. Arrington,* for appellant.

The case of *Parker* v. *Payne,* 48 So., p. 835, covers this case fully, both the majority opinion of the court and also the dissenting opinion in that case, for it is manifest, in the majority opinion, that had the court considered Payne to have actually owned the mules and had sold them to his tenant, Little, with verbal retention of title to the mules, the suggestion of error would have been overruled.

We submit the case of *Parker* v. *Payne* is decisive of this case. The court certainly erred in giving appellee a peremptory instruction, as there is not a single ground in the case to sustain it. The appellant, we think was clearly entitled to it, but if we are mistaken in this, then certainly the jury should have been permitted to have passed upon the facts on the case. *Parker* v. *Payne,* 48 So., p. 835; *Alexander* v. *Zeigler,* 84 Miss. 560.

*G. Wood Magee,* for appellee.

I think the cases of *Parker* v. *Payne,* 48 South., page 835, and *Alexander* v. *Zeigler,* 84 Miss. 560, cited by counsel for appellant are wholly inapplicable here. The agreement as to the sale of the mules is embodied in the note introduced in evidence, and no title is retained to the mules in this note, and neither party can be heard to say that title was retained.

In taking the note for the purchase money of the mules, appellant made no effort to retain title, but long after the note was given and long after Ross gave Mrs. Brinson the deed of trust on the mules, the appellant had Mr. Quilla Sauls in marking a credit on the note, to write on the back of the note something about the mules being his till paid for, but this action of appellant cannot and does not affect Brinson's lien. However, this shows that appellant knew he had waived his lien on those mules, and shows that he was then trying to dodge and defeat Mrs. Brinson's lien on the mules. There is no other explanation to this conduct of appellant. Why would he at this late day, in the fall of 1908, have the writing placed on the back of that note saying the mules were his, etc., unless he knew he had given Brinson a release of the mules from the purchase money he held? It is absolutely unexplainable, except upon the idea that he had "guilty knowledge" himself and was trying to defeat Mrs. Brinson's claim under the deed of trust.

Now in conclusion, I say that replevin will not lie under the facts of the case at bar.

The appellant, if he has any right at all, has only a lien for the purchase money on these mules. He has sold and delivered the mules to Charley Ross on a credit as stated by him, and he introduces a promissory note given him for the purchase money of the mules and his remedy, if any he has, is by proceeding to subject these mules to his lien.

98 Miss.—43

Replevin is not the proper remedy for him even granting everything he says to be true, but he must follow the course marked out by statute. Under the facts of this case and the law he has no right to the immediate possession of the mules, and he must have this right before he can bring replevin.

The note he relies upon, and which he introduces, gives him only a lien on the mules and a lien is not enforced by replevin. Therefore with all the facts and the law before the trial court, a peremptory instruction was given for appellee, defendant in the court below, and I think properly and legally given.

ANDERSON, J., delivered the opinion of the court.

This is a replevin suit for two mules, by appellant, Sistrunk, against the appellee, Brinson. The court below instructed the jury to return a verdict for appellee, which was done, and judgment entered accordingly, from which this appeal is prosecuted. In the early part of 1908 appellant sold his tenant, Charley Ross, a negro, two mules for two hundred and thirty dollars, to be paid January 1, 1909. On the 5th of March, 1908, the tenant, Ross, for the purpose of securing an indebtedness he was already due appellee, who was a merchant, and to obtain from him supplies for the current year with which to make his crop, executed a deed of trust in his favor on the two mules in question and his crops to be raised on appellant's land. At the same time, and as an inducement to appellee to supply his tenant, appellant, as landlord, executed and delivered to appellee the following waiver:

MONTICELLO, MISS., 3—5—1908.

"This is to certify that I will not sell Charlie Ross anything in the year 1908. Only claim 2# 500-lb. bales for rent and what cotton is made on what is called the new ground, about eight acres, for payment on mules.

"D. W. SISTRUNK.

"Witness: A. C. Brinson."

And, at the request of appellant, appellee drew up what purports to be, and what appellee. claims appellant and Ross stated to him was, the contract between them for the sale and purchase of the mules in question, which was signed by Ross, and as follows:

"$230.00                                     January 1, 1908.
"January 1st, 1909, after date, I promise to pay to the order of Mrs. S. E. Sistrunk two hundred and thirty 00-100 dollars at ten per cent. from date. Value received. Note for two (2) mare mules, name Queen and Lucy. The mules is to be paid for on a certain piece of land planted in cotton, about eight acres.

his<br>
"Charley  X  Ross.<br>
mark

"Witness:   A. C. Brinson."

Appellant's testimony tended to establish these facts: That he reserved the title to the mules until they were paid for, and so stated to appellee when the deed of trust, waiver, and note were executed; that such reservation of title was intended to be embodied in the note, and appellee was so instructed when he wrote it, but, without the knowledge or consent of the appellant and his tenant, he fraudulently left it out; that he did not know appellee had taken a deed of trust on the mules. Appellee's testimony tended to establish the facts: That the note was drawn and executed as intended, and as he was instructed by appellant and Ross to draw it; that the title to the mules was not reserved in appellant, who knew at the time that appellee was taking a deed of trust on them, and consented thereto. Ross paid neither appellee what he owed him nor appellant for the mules.

The court below gave the peremptory instruction for the appellee on the theory that, the title to the mules not being reserved in the note evidencing the contract of sale and purchase between appellant and Ross, it was

incompetent to show by parol testimony such reservation; that so to do would violate the principle that the terms of a written contract may not be varied by parol. That principle of the law of evidence, though sound, was erroneously applied to the facts of the case. Appellant's testimony tended to establish that the reservation of title was, by appellee, fraudulently omitted from the note; that in fact it was not the contract entered into. The terms of a written contract may not be added to nor taken from by parol; but such testimony is admissible to show that, through the fraud of the draftsman, the writing does not evidence the real contract. This question should have been submitted to the jury on proper instructions.

*Reversed and remanded.*